## TURNER v. DICKEY et al.

### No. 1029.

District Court, W. D. Tennessee, W. D.

March 24, 1932.

Canada, Williams & Russell, of Memphis, Tenn., for plaintiff.

Hunter Wilson, of Memphis, Tenn., for defendants.

ANDERSON, District Judge.

Turner filed a bill in this case against Dickey and Talliaferro, alleging fraud in the assignment of a claim from Dickey to Talliaferro; the claim being based on an appealed judgment of $5,000 in favor of Dickey against Turner for alienation of Mrs. Dickey's affections and criminal conversation. At that time Dickey owed Turner about $5,000 principal and interest on unpaid and overdue promissory notes. The bill alleges fraudulent conspiracy between Dickey and Talliaferro to defeat Turner's right of equitable set-off. The bill further asks for an equitable set-off, whether the allegation of fraud be proven or not.

Appropriate answers were filed by Dickey and Talliaferro. The case was heard in due course, proof offered and arguments and briefs submitted.

### Finding of Facts.

(1) Dickey secured a judgment against Turner for $5,000 for criminal conversation and alienation of his wife's affections, on December 3, 1927. This judgment was promptly appealed.

(2) At that time Dickey owed, counting principal and interest, about $5,000 to Turner on overdue and unpaid promissory notes.

(3) On September 10, 1928, in a Mississippi court, Turner obtained a judgment against Dickey for $5,000 on the above-mentioned promissory notes.

(4) On March 28, 1929—while the appeal in the criminal conversation case was pending—Dickey sold and assigned his claim against Turner to Talliaferro. The court finds that the record discloses no fraud in this transaction. Turner was immediately notified of the assignment.

(5) Dickey was adjudged a voluntary bankrupt on April 11, 1929, and was discharged in bankruptcy on June 17, 1929. Turner's judgment was listed among his liabilities; it as a matter of fact being Dickey's principal liability. Turner was duly notified.

(6) The appealed judgment in the criminal conversation case of Dickey v. Turner was not listed among Turner's assets. It could not be, for the reason that it was no longer an asset of Turner, having been assigned for a valuable consideration to Talliaferro.

(7) That early in May, 1929, the judgment in the criminal conversation case of Dickey v. Turner was affirmed in the United States Circuit Court of Appeals for the Sixth Circuit, 32 F.(2d) 1019, and the bill in equity in the present case was filed immediately following.

### Defenses.

The principal legal propositions argued by respondent are as follows: (1) There being no fraud disclosed in the proof, but on the contrary the record disclosing the assignment to Talliaferro to have been made in good faith, the bill necessarily fails; (2) that, the assignment of the judgment having been made while the criminal conversation judgment was on appeal, Turner owed Dickey nothing; hence there could be no set-off of what Dickey owed Turner; (3) that the adjudication of Dickey as a bankrupt ended the claim of Turner either as against Dickey, or as a set-off to the claim assigned Talliaferro; (4) that the proper forum for Turner to have tried his alleged set-off against Dickey was in the bankruptcy court and not here; (5) that a judgment ex contractu cannot be set off against a judgment ex delicto.

### Conclusions of Law.

(1) The assignment of the claim against Turner by Dickey to Talliaferro gave the latter only Dickey's rights, and was subject to any defense, counterclaim, or set-off that Turner might have against Dickey.

(2) The appeal from the criminal conversation judgment entered by Turner did not render the judgment a nullity. It merely suspended its execution pending appeal. On affirmance, it came back to this court and bore interest during the interim. If Turner was entitled to an equitable set-off by reason of his judgment against Dickey, the appeal in no way invalidated that right. To hold that Turner could plead set-off against Dickey, once the judgment was affirmed, but deny him the right against Talliaferro because the judgment was on appeal when Dickey assigned his rights to Talliaferro, would be to give the assignee superior advantages over the assignor.

(3) The subsequent discharge in bankruptcy of Dickey did not wipe out any right of set-off Turner might have acquired against Dickey's assignee. It did not affect the debt. It merely freed Dickey from any personal liability to execution on it.

(4) This court, and not the bankruptcy court, is the proper forum for Turner to test his right of equitable set-off. The judgment debt against Turner belonged to Talliaferro, and was not among Dickey's assets.

(5) Both the criminal conversation judgment and the promissory note judgment are money judgments. Dickey holds a judgment against Turner for $5,000, and Turner holds a similar judgment against Dickey. The two balance. The primary cause of either judgment—whether ex delicto or ex contractu—makes no difference in the effect of the judgments. They are each for a specific sum of money. Turner and Dickey each hold a judgment against each other. Turner's judgment cannot be executed because Dickey has the personal immunity conferred by bankruptcy. But it can be pleaded in a set-off against Dickey's assigned judgment to Talliaferro. It is a proper case for an equitable set-off.

Let a decree in accordance with the above be drawn and entered.